IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY SCOT MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:15-cv-495-GMB |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Timothy Scot Morris' applications for benefits. The case is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to the entry of a final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 14 & 15. Based upon a review of the parties' briefs, the relevant authority, and the record as a whole, the court finds that, for the reasons that follow, the Commissioner's decision is due to be AFFIRMED.

### I. BACKGROUND

On November 15, 2011, Morris filed an application for a period of disability,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. No further action needs to be taken to continue this lawsuit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

disability insurance benefits, and supplemental security income benefits, alleging a disability onset date of August 28, 2009. Docs. 18-2 & 18-3.  Morris' claims were denied at the initial administrative level. Doc. 18-4.  Morris then requested review by an Administrative Law Judge ("ALJ"), and on August 12, 2013, he appeared, along with a non-attorney representative,[2] and testified at a hearing before the ALJ.[3] Doc. 18-2.

On August 26, 2013, the ALJ denied Morris' claims. Doc. 18-2.  The cover letter attached to the ALJ's decision, entitled "Notice of Decision," is dated and addressed to Morris and his representative. Doc. 18-2.  The Notice of Decision advised Morris of his appeal rights, explaining:

> If you disagree with my decision, you may file an appeal with the Appeals Council.
>
> * * *
>
> To file an appeal, you or your representative must ask in writing that the Appeals Council review my decision.  You may use our Request for Review form (HA-520) or write a letter.
>
> * * *
>
> You must file your written appeal **within 60 days** of the date you get this notice.  The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period.
>
> The Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time.

Doc. 18-2.  Based on the above, Morris' deadline to file a request for review with the

---

[2] Morris retained the services of Rose Hallford, a non-attorney representative, on May 28, 2013. Doc. 18-4.
[3] Morris had also appeared at a May 17, 2013 hearing before the same ALJ, but since Morris was unrepresented at that time, the hearing was continued until August 12, 2013 so that Morris could secure representation and could also submit updated medical evidence to the ALJ. Doc. 18-2.

2

Appeals Council was October 30, 2013 (*i.e.*, 65 days after the ALJ issued his August 26, 2013 decision).

The record indicates that, on December 24, 2014, Morris' representative faxed to the Appeals Council a "Request for Review of Hearing Decision/Order" form along with a separate letter requesting Appeals Council review of the ALJ's August 26, 2013 decision. Doc. 18-2.  The form and the letter are addressed to the Appeals Council's office in Falls Church, Virginia,[4] and both are dated September 3, 2013. Doc. 18-2.  Notably, while the form and the letter submitted with Morris' December 24, 2014 facsimile are both dated September 3, 2013, there is no other evidence or documentation in the record demonstrating that either of those documents was actually filed with the Appeals Council on September 3, 2013, or at any other time before Morris' October 30, 2013 deadline expired.

On January 20, 2015, the Appeals Council sent Morris and his representative written notification that his request for review was untimely. Doc. 18-2.  In that letter, the Appeals Council explained that Morris' deadline to request review was October 30, 2013, that the Appeals Council's records show that his request was filed on December 24, 2014, and that there "is no statement or other information about why you did not file the appeal on time." Doc. 18-2.  The Appeals Council concluded its letter by requesting that Morris submit "a statement showing the reason(s) why you did not file the request for review within 60

---

[4] The Notice of Decision accompanying the ALJ's August 26, 2013 decision instructed Morris to send his request for review to the Appeals Council's office at 5107 Leesburg Pike, Falls Church, Virginia. Doc. 18-2.

days," along with "any evidence that supports your explanation." Doc. 18-2.

The record shows that the Appeals Council sent Morris and his representative a second letter on February 26, 2015. Doc. 18-2. In that letter, the Appeals Council acknowledged that it "received [Morris'] response to our letter dated January 20, 2015 requesting good cause for late filing." Doc. 18-2. However, the record before the court does not contain a copy of Morris' response to the Appeals Council's January 20, 2015 letter. Nonetheless, based upon the Appeals Council's February 26, 2015 letter, it appears that Morris responded to the January 20, 2015 letter by claiming that he timely submitted his request for review on September 3, 2013 and that his December 24, 2014 fax was a "resubmission" that "included evidence of timely submission." Doc. 18-2. The Appeals Council's February 26, 2015 letter explained, however, that after reviewing Morris' December 24, 2014 submission, it could not find a record of the evidence he claimed to have submitted. Doc. 18-2. The Appeals Council further noted that Morris' December 24, 2014 submission "appears to be missing a page (page 3 of 3) and that the missing page may contain the evidence of timely submission you refer to in your recent response." Doc. 18-2. The Appeals Council invited Morris to resubmit any evidence of his September 3, 2013 submission within 30 days. Doc. 18-2.

Morris did not respond to the Appeals Council's February 26, 2015 letter. As a result, on May 15, 2015, the Appeals Council entered an order dismissing Morris' request for review, concluding there was "no evidence that the claimant filed the request for review on time." Doc. 18-2.

Morris filed a lawsuit in this court on July 10, 2015. Doc. 1.

## II.  DISCUSSION

At first blush, it appears that Morris is challenging only the merits of the ALJ's finding that he is not disabled within the meaning of the Social Security Act. Doc. 1.  In fact, the only issues presented for review in Morris' brief are related to the merits of the ALJ's disability determination.[5] Doc. 16.  However, as the Commissioner's brief points out, and correctly so, the merits of the ALJ's disability decision are not at issue here—in substance the only issue before this court is whether the Appeals Council abused its discretion when it dismissed Morris' request for review as untimely.  For the reasons that follow, the court finds that the Appeals Council did not abuse its discretion in dismissing Morris' request for review as untimely, and therefore the decision of the Commissioner is due to be affirmed.

The Eleventh Circuit is the only circuit in which district courts have jurisdiction, pursuant to 42 U.S.C. § 405(g), to review an Appeals Council's decision dismissing a request for review of an ALJ's decision as a final decision of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Waters v. Massanari*, 184 F. Supp. 2d 1333, 1339 (N.D. Ga. 2001) ("The Eleventh Circuit is the only federal circuit which grants judicial review of the Appeals Council's dismissal of an untimely request for review. . . . [T]he other circuit courts of appeal have expressly or implicitly held that when the Appeals Council *dismisses* a request for review, as opposed to *denying* the request for

---

[5] The issues presented for review in Morris' brief are (1) whether the ALJ's residual functional capacity failed to comply with SSR-96-8p because the ALJ failed to include the required "function-by-function" assessment; (2) whether the ALJ failed to analyze properly whether Morris' indigency was a justifiable excuse for failing to follow treatment; and (3) whether the ALJ's finding that Morris can perform a full range of light work is unsupported by substantial evidence. Doc. 16.

review, there is no right to judicial consideration of the dismissal, because there is no 'final decision' of the Commissioner.") (citing *Stone v. Heckler*, 778 F.2d 645, 647–48 (11th Cir. 1985); *Harper v. Bowen*, 813 F.2d 737, 740–43 (5th Cir. 1987)).  However, in reviewing the Appeals Council's decision, the district court "is limited to considering whether the Appeals Council's decision that a claimant did not demonstrate good cause for an untimely request for review is arbitrary and capricious, i.e., whether the Appeals Council abused its discretion." *Drake v. Comm'r of Soc. Sec.*, 2016 WL 3763225, at *1 (M.D. Fla. June 17, 2016); *see also Waters*, 184 F. Supp. 2d at 1341 ("All that this Court may consider . . . is whether the Appeals Council abused its discretion in dismissing Plaintiff's tardy request for review."); *Maxwell v. Comm'r of Soc. Sec.*, 2013 WL 298267, at *2 (M.D. Fla. Jan. 25, 2013); *Walker v. Comm'r of Soc. Sec.*, 2013 WL 3833199, at *3 (M.D. Fla. July 23, 2013). Morris does not dispute that the Appeals Council dismissed his request for review as untimely, or that this court is limited to reviewing only whether the Appeals Council abused its discretion in making that decision.[6]  "Thus, although [Morris] attempts to challenge the substance of the ALJ's unfavorable decision . . . the **only** issue before the Court is whether the Appeals Council's refusal to extend time was unreasonable or arbitrary." *Drake*, 2016 WL 3763225, at *1.

The Social Security regulations set forth the 60-day period during which a claimant must request Appeals Council review of an ALJ decision. *See* 20 C.F.R. § 416.1468.  The

---

[6] While Morris admits that his request for review by the Appeals Council was dismissed as untimely, he wholly ignores the case law in this Circuit permitting limited judicial review of such a dismissal.  Rather than directly address the timeliness of his appeal request, Morris spends the entirety of his brief arguing the merits of the ALJ's disability determination—an issue that is not before the court for review. Doc. 16.

Appeals Council may deny a request for review, or it may decide to review a case and to make a decision. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding unless a party files an action in district court. *See* 20 C.F.R. § 416.1481. Alternatively, the regulations provide that the Appeals Council may dismiss a request for review if the claimant does not file the request within the 60-day timeframe and the time for filing has not been extended. *See* 20 C.F.R. § 416.1471.

A claimant may request review of an ALJ's decision from the Appeals Council after the 60-day deadline has passed only upon a showing of good cause. *See* 20 C.F.R. § 416.1411. The record does not reflect that Morris demonstrated good cause for failing to file a timely request for review with the Appeals Council. Morris' appeal deadline was October 30, 2013. On December 24, 2014, more than a year after his appeal deadline had passed, Morris' representative faxed the Appeals Council a submission that consisted of (1) a letter requesting review of the ALJ's August 26, 2013 decision; (2) a Request for Review of Hearing Decision/Order form, also requesting review of the ALJ's decision; and (3) what appears to be a missing third page.[7] While both the letter and the form were dated September 3, 2013, the fax itself contained no evidence tending to prove that either the letter or the form was actually filed with the Appeals Council on September 3, 2013 or any other time before Morris' October 30, 2013 deadline expired. *See* Doc. 18-2.

After receiving Morris' December 24, 2014 facsimile submission, the Appeals

---

[7] Although the facsimile transmission notes at the top of Morris' December 24, 2014 fax indicate that the fax consisted of three pages, the third page of the fax was not contained in the record before the Appeals Council, and it is not contained in the record currently before this court. Doc. 18-2.

7

Council sent Morris and his representative a letter dated January 20, 2015, which explained that his request for review was untimely and that he had 60 days to send the Appeals Council a statement showing why he did not file his request on time, along with any evidence to support his explanation. Doc. 18-2. The record does not contain Morris' response to the Appeals Council's January 20, 2015 letter. However, a review of the Appeals Council's February 26, 2015 letter to Morris and his representative shows that Morris did respond to the Appeals Council's January 20, 2015 letter with a reaffirmation that he timely requested appellate review on September 3, 2013 and that he had already submitted evidence of his timely request to the Appeals Council via his fax on December 24, 2014. Doc. 18-2. The Appeals Council explained, however, in its February 26, 2015 letter that it could not find the evidence of timely submission Morris claimed to have submitted with his December 24, 2014 fax and that the missing third page of this fax could contain this evidence. Doc. 18-2. As a result, the Appeals Council gave Morris an additional thirty days to submit to them any evidence he had demonstrating that he filed his request for review on September 3, 2013. Doc. 18-2. Morris never responded to this request.

Based upon the foregoing, the court finds that Morris did not demonstrate good cause for failing to timely request Appeals Council review of the ALJ's September 26, 2013 decision. More to the point in light of the court's standard of review, the court is unable to conclude that the Appeals Council acted arbitrarily or capriciously, or otherwise abused its discretion, in dismissing Morris' untimely request for review. The record contains no evidence demonstrating that Morris actually filed or submitted a letter or

request for review form to the Appeals Council on or before his October 30, 2013 appeal deadline. The record before the court does not contain an affidavit, certified mail receipt, or facsimile transmission confirmation demonstrating that Morris timely filed a request for review with the Appeals Council by October 30, 3013. Morris also "demonstrated no impediment or confusion as to why [he] could not timely file a request for review." *Waters*, 184 F. Supp. 2d at 1341. To the contrary, the Appeals Council gave Morris multiple opportunities to provide it with evidence of timely filing, and the record before the court demonstrates that Morris failed to comply. Accordingly, the court finds that the Appeals Council's finding that there was no good cause to extend Morris' time for filing an appeal request was not an abuse of discretion, and the final decision of the Commissioner is due to be affirmed. *See Maxwell*, 2013 WL 298267, at *2–3 (finding that claimant failed to present sufficient evidence demonstrating that Appeals Council's decision to dismiss his untimely request for review was an abuse of discretion); *Walker*, 2013 WL 3833199, at *5 (explaining that claimant failed to point the court to any evidence presented to the Appeals Council, such as an affidavit or certified mail receipt, demonstrating that her request for review was timely filed; thus, the court could not find that the Appeals Council's dismissal of her untimely request for review was an abuse of discretion); *Waters*, 184 F. Supp. 2d at 1340–42.

### III. CONCLUSION

For the reasons stated herein, it is ORDERED that the decision of the Commissioner is AFFIRMED and this case DISMISSED WITH PREJUDICE.

A final judgment will be entered separately.

DONE this 14th day of February, 2017.

                                                  /s/ Gray M. Borden
                                   UNITED STATES MAGISTRATE JUDGE